NATIONAL WILDLIFE FEDERATION, Sierra Club, Idaho Rivers United, American Rivers, Pacific Coast Federation of Fisherman's Associations, Institute for Fisheries Resources, Washington Wildlife Federation, and Idaho Wildlife Federation, Plaintiffs,

v.

UNITED STATES ARMY CORPS OF ENGINEERS, Defendant.

No. 99–442–FR.

United States District Court, D. Oregon.

Aug. 26, 1999.

Craig N. Johnston, Stephanie M. Parent, Portland, Oregon, Todd D. True, Kristen L. Boyles, Earthjustice Legal Defense Fund, Seattle, Washington, Attorneys for Plaintiffs.

Kristine Olson, United States Attorney, Thomas C. Lee, Assistant United States Attorney, Portland, Oregon, Fred R. Disheroon, Special Litigation Counsel, U.S. Department of Justice, Environment & Natural Resources Division, Washington, D.C., Attorneys for Federal Defendant.

Richard S. Gleason, Beth S. Ginsberg, Kevin J. Beaton, Stoel Rives LLP, Portland, Oregon, Attorneys for Applicant Intervenors Potlatch Corporation and Northwest Pulp and Paper Association.

Paul M. Murphy, James L. Buchal, Murphy & Buchal LLP, Portland, Oregon, Attorneys for Applicant Intervenor Columbia River Alliance.

Walter H. Evans, Guy C. Stephenson, Schwabe, Williamson & Wyatt, P.C.; Vancouver, Washington, Attorneys for Applicant Intervenor Inland Ports and Navigation Group (Port of Lewiston, Idaho; Port of Whitman County, Washington; Port of Morrow, Oregon; and Shaver Transportation Company, et al.).

## OPINION

FRYE, District Judge.

The matters before the court are:

(1) the Federal Defendant's motion to reassign (# 15-1) or transfer (# 15-2);

(2) Potlatch Corporation's motion to intervene pursuant to Fed.R.Civ.P. 24(# 7);

(3) the motion to intervene of the Columbia River Alliance (# 12); and

(4) the motion for intervention by the Port of Lewiston, Idaho; the Port of Whitman County, Washington; the Port of Morrow, Oregon; and other interested public ports; and Shaver Transportation Company (collectively known as the Inland Ports and Navigation Group) (# 17).

## BACKGROUND

On March 31, 1999, the plaintiffs, National Wildlife Federation, Sierra Club, Idaho Rivers United, American Rivers, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Washington Wildlife Federation, and Idaho Wildlife Federation (collectively referred to as NWF), filed this complaint against the defendant, United States Army Corps of Engineers (hereinafter referred to as the Corps). Plaintiff NWF alleges in general that the actions of the Corps in operating four dams—Ice Harbor, Lower Monumental, Little Goose, and Lower Granite—all located on the Lower Snake River, violate the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and its implementing regulations, and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Plaintiff NWF specifically alleges that the actions of the Corps cause these four dams to operate in a manner that violate the water quality standards of the State of Washington for temperature and dissolved gas, as well as its antidegradation standard.

Plaintiff NWF 1) seeks a judicial declaration that the actions of the Corps violate the federal Clean Water Act and the Administrative Procedure Act; 2) seeks an injunction directing the Corps to comply with the water quality standards of the State of Washington; and 3) asks the court to set a schedule for the parties to comply with the court's order.

1. *Federal Defendant's Motion to Reassign or Transfer*

The Corps moves the court to reassign or transfer this case to the Honorable Malcolm

F. Marsh. The Corps contends that this case should be decided by Judge Marsh because he has presided over litigation involving Pacific Northwest salmon since 1986 and has a wealth of expertise in salmon-related issues. Plaintiff NWF does not oppose transfer to Judge Marsh but argues that the issues presented in this case have not been decided in any other case and need not be decided by Judge Marsh.

The court finds that the issues in this case do not directly involve any action previously decided by Judge Marsh. The Federal Defendant's motion to reassign (# 15-1) or transfer (# 15-2) will be denied.

2. *Motion to Intervene by Potlatch Corporation*

3. *Motion to Intervene by Columbia River Alliance*

4. *Motion to Intervene by Inland Ports and Navigation Group*

Applicant intervenors move the court pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure to intervene as a matter of right, or alternatively to intervene permissively as party defendants. Applicant intervenors contend that their interests will be substantially affected by any relief awarded to plaintiff NWF in this case.

Applicant intervenor Potlatch Corporation owns and operates pulp and paperboard facilities in Lewiston, Idaho as well as timberlands dependent upon the configuration of river waters in their present navigable state. The Lewiston, Idaho facility of Potlatch Corporation obtains water from the Lower Snake River pursuant to licenses issued by the State of Idaho and discharges treated wastewater into the Snake River pursuant to a permit from the National Pollutant Discharge Elimination System (NPDES). Potlatch Corporation, joined by the Northwest Pulp and Paper Association, contends that if the Lower Granite Dam is breached and the configuration of the Snake River is substantially altered, the ability of Potlatch Corporation and other holders of NPDES permits to

meet water quality standards is likely to be jeopardized.

Applicant intervenor Inland Ports and Navigation Group is comprised of public ports located on the Columbia and the Lower Snake Rivers which provide cargo handling facilities and/or services to tugboats and barges which carry cargo on the river system. Inland Ports and Navigation Group contends that it is entitled to intervene as a matter of right in order to protect the interests of its members in the navigable capacity of the inland waterway system developed by congressional action under the commerce clause of the United States Constitution. Inland Ports and Navigation Group contends that neither plaintiff NWF nor the Corps is in a position to adequately protect the interests of the public ports and the barge industry.

Applicant intervenor Columbia River Alliance is a nonprofit corporation representing the interests of its members who rely upon the Columbia and Snake Rivers, including agricultural interests, community and labor groups, manufacturers and industries, navigational interests, and public utilities. Columbia River Alliance argues that there are two principal interests that are threatened by this lawsuit: 1) the economic interests of its members that may be adversely affected by the relief sought by plaintiff NWF, such as the right to economical electric power under the Northwest Power Act; and 2) its participatory interests in securing reasonable and prudent decisions to effect the recovery of anadromous fish in the Columbia and Snake Rivers. Applicant intervenor Columbia River Alliance contends that plaintiff NWF seeks the drawing down of the reservoirs on the Snake River and the removal of the Snake River dams which threaten direct injury to its members who depend upon navigation and irrigation for their livelihood.

Plaintiff NWF contends that the applicant intervenors are not entitled to intervene as a matter of right because they do not have a legally protectable interest relating to the subject matter of this action. Plaintiff NWF contends that the economic effects argued by the applicant intervenors are speculative and do not confer a protectable interest in the applicant intervenors in this litigation concerning the Clean Water Act, which regulates environmental and not economic interests. Plaintiff NWF contends that the applicant intervenors are not regulated under the provisions of the Clean Water Act at issue in this litigation and, as a result, their asserted interests are not related to this case.

Finally, plaintiff NWF contends that the interests of the applicant intervenors are adequately represented by the Corps because the Corps and the applicant intervenors share the same ultimate objective, which is to defend the *status quo* of the operation of the four dams on the Lower Snake River.

The Corps contends that the applicant intervenors have not established that they are entitled to intervention by right, and that if the court allows any applicant intervenor to intervene, all such intervenors should be required to file joint briefs in the interest of judicial economy and litigant expenses.

### A. *Applicable Law*

Rule 24(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ The United States Court of Appeals for the Ninth Circuit applies the following four-part test to determine whether an applicant should be permitted to intervene as a matter of right under Rule 24(a)(2): 1) the motion must be timely; 2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; 3) the applicant must be so situated that the disposition of the action may, as a practicable matter, impair or impede the applicant's ability to protect that interest; and 4) the applicant's interest must be inadequately represented by

the parties to the action. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997).

 The requirements of Rule 24(a) are interpreted broadly in favor of intervention. *Sierra Club v. United States EPA*, 995 F.2d 1478, 1481 (9th Cir.1993). In order to demonstrate a significantly protectable interest, applicants must show both 1) that the interest they are asserting is legally protectable under some statute; and 2) that there is a relationship between this legally protected interest and the claims at issue in the lawsuit. *Id.* at 1484.

B. *Analysis*

Applicant intervenors seek the right to defend this action against the claims of plaintiff NWF that the Corps is operating the four dams on the Lower Snake River in violation of the federal Clean Water Act. The applications of the intervenors have been timely filed. Furthermore, the court finds that the parties to this action are not likely to adequately represent the wide variety of interests of the applicant intervenors. The difficult issue is whether the interests of the applicant intervenors are significantly protectable interests so that intervention under Rule 24(a)(2) is required.

The interests asserted by the applicant intervenors have little or no relationship to the liability issue in this case. However, all of the applicant intervenors have significant, economic and non-economic interests in the operation of the dams on the Lower Snake River, and these interests may, as a practicable matter, be impaired or impeded by the relief sought by plaintiff NWF in this action.

In *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995), the United States Court of Appeals for the Ninth Circuit ruled that the State of Arizona was entitled to intervene as a matter of right in an action by environmental organizations against the United States Forest Service seeking to enjoin all activities within the habitat of the Northern Goshawk pending compliance with the National Environmental Policy Act. The court addressed the requirement of Rule 24(a) that an applicant

claim "an interest relating to the property or transaction which is the subject of the action."

The court in *Forest Conservation Council,* held that "when, as here, the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the 'interest' test of Fed.R.Civ.P. 24(a)(2)." *Id.* at 1494. The court held that intervention as a matter of right should be granted because the applicant intervenors "have asserted concrete, significant, legally protectable, non-economic interests that will be directly affected by the court's judgment regarding injunctive relief." *Id.* at 1497.

 Because the relief sought by plaintiff NWF here could have a direct effect upon the legitimate interests of applicant intervenor Potlatch Corporation by discharging permissible quantities of pollutants pursuant to NPDES permits issued under the Clean Water Act regulations, the court will grant the motion to intervene by Potlatch Corporation.

The United States Court of Appeals for the Ninth Circuit in *Sierra Club v. United States EPA* further stated:

We ordinarily do not require that a prospective intervenor show that the interest he asserts is one that is protected by the statute under which the litigation is brought. It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.

995 F.2d at 1484.

 Applicant intervenor Inland Ports and Navigation Group is an intended and direct beneficiary of the inland waterway system created by a wide range of Congressional acts. Because the relief in this case could effect the inland waterway system, the court will grant the motion to intervene by Inland Ports and Navigation Group.

 Similarly, because the relief in this case could significantly impact the interests of applicant intervenor Columbia River Alliance arising from a number of federal stat-

386

utes, the court will grant the motion to intervene by Columbia River Alliance.

## CONCLUSION

The court rules as follows:

(1) the Federal Defendant's motion to reassign (# 15–1) or transfer (# 15–2) is denied;

(2) Potlatch Corporation's motion to intervene pursuant to Fed.R.Civ.P. 24(# 7) is granted;

(3) the motion to intervene of the Columbia River Alliance (# 12) is granted; and

(4) the motion for intervention by the Inland Ports and Navigation Group (# 17) is granted.

The applicant intervenors should work together to present their issues in the most effective and economical manner possible. However, the court will not impose specific limitations upon the participation of the intervenor defendants at this stage in the proceedings.